IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

NICKELSON JOSEPH,

        Petitioner,

v.                                                                              Civ. No. 26-1225 KG/SCY

MARY de ANDA-YBARRA, Director
of El Paso Field Office, U.S. Immigration
and Customs Enforcement; TODD LYONS,
Acting Director, U.S. Immigration and
Customs Enforcement; MARKWAYNE
MULLIN, Secretary of the U.S.
Department of Homeland Security; and
GEORGE DEDOS, Warden of the Cibola
County Correctional Center,

        Respondents.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

This matter comes before me on Petitioner Nickelson Joseph's Petition for Writ of Habeas Corpus, Doc. 1, and the Federal Respondents' Motion to Dismiss Petition for Writ of Habeas Corpus, Doc. 6. Chief District Judge Kenneth Gonzales referred this case to me under 28 U.S.C. §§ 636(b)(1)(B), (b)(3), and *Va. Beach Fed. Sav. & Loan Ass'n v. Wood*, 901 F.2d 849 (10th Cir. 1990) "to conduct hearings, if warranted, including evidentiary hearings, and to perform any legal analysis required to recommend to the Court an ultimate disposition of the case." Doc. 9. Having reviewed the briefs and the law, I recommend that the Court deny the motion to dismiss, grant the petition, and order Mr. Joseph's immediate release.

**BACKGROUND**

Petitioner Nickelson Jospeh, a citizen of Haiti, entered the United States on October 30, 2024, with proper inspection through the CBP One Program. Doc. 6-1. He was given a Notice to

Appear for Section 240 removal proceedings, with a hearing set for December 31, 2025. Doc. 6-2. In the meantime, he was paroled into the United States pending a hearing on his Section 240 removal proceedings. Doc. 6-1 at 2. His I-94 form indicates he was admitted until October 29, 2026.[1] Doc. 1-1 at 6.

On June 21, 2025, Border Patrol agents pulled over a car of which Mr. Joseph was a passenger and arrested him. Doc. 1-1 at 11; Doc. 6-3 at 2. He was transferred to ICE custody and has been detained at Cibola County Correctional Center ever since. According to the website for the Executive Office of Immigration Review, Mr. Joseph was ordered removed on May 21, 2026 and has filed an appeal. Exhibit A.

On April 20, 2026, Mr. Joseph filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. Doc. 1. In response, the Federal Respondents filed a Motion to Dismiss. Doc. 6.

**DISCUSSION**

Mr. Joseph asserts that his detention as a parolee is unlawful and that he should be released. The Federal Respondents argue that the Court should dismiss the petition for several reasons, which I address in turn.

### 1. Jurisdiction

The Federal Respondents assert that the Court does not have jurisdiction to review Mr. Joseph's detention. They argue that 8 U.S.C. §§ 1252(e)(3), 1252(g), 1252(b)(9), and 1252(a)(2)(B)(ii) bar review of Plaintiff's petition. I disagree. This Court is authorized to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are

---

[1] The Federal Respondents present an I-94 form showing an admit date until only April 24, 2026, Doc. 6-4, which I discuss more below.

properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir.

2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

First, the Federal Respondents argue the Court lacks jurisdiction over this matter because

"Section 1252(e)(3) limits judicial review of 'determinations under section 1225(b) of this title

and its implementation' to only the District Court for the District of Columbia." Doc. 6 at 2.

However, Section 1252(e)(3), named "challenges on validity of the system," provides that

> Judicial review of determinations under section 1225(b) of this title and its
> implementation is available in an action instituted in the United States District
> Court for the District of Columbia, but shall be limited to determinations of—
> (i)       whether such section, or any regulation issued to implement such section,
> is constitutional; or
> (ii)      whether such a regulation, or a written policy directive, written policy
> guideline, or written procedure issued by or under the authority of the Attorney
> General to implement such section, is not consistent with applicable provisions of
> this subchapter or is otherwise in violation of law.

8 U.S.C. § 1252(e)(3). Because Mr. Joseph neither "raise[s] any systemic challenges," nor

challenges "the validity of the statutory scheme itself," but instead challenges his individual

detention, Section 1252(e)(3) does not deprive the Court of jurisdiction. *Tirera v. Rios*, No. 26-

cv-45 MLG/SCY, Order Granting in Part Petition, Doc. 10 (D.N.M. Feb. 18, 2026); *see also*

*Sanchez v. Noem*, 821 F. Supp. 3d 1276, 1282 (D.N.M. 2026) ("Petitioner's argument does not

challenge the legality of any statute, regulation, policy, or procedure as would be necessary for

§ 1252(e)(3) to apply."). !

Second, the Federal Respondents argue that Section 1252(g) "categorically bars

jurisdiction over 'any cause or claim by or on behalf of any alien arising from the decision or

action by the [Secretary of Homeland Security] to commence proceedings, adjudicate cases, or

execute removal orders against any alien.'" Doc. 6 at 3 (citing 8 U.S.C. § 1252(g)). "The

Supreme Court has limited this bar to these 'three discrete actions' and has explicitly rejected

3

interpretations that would encompass the 'universe of deportation claims.'" *Ramirez v. Noem*, No. 2:26-CV-00063-SMD-GJF, 2026 WL 381869, at *2 (D.N.M. Feb. 11, 2026) (citing *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999)). The Supreme Court "has cautioned against an 'uncritical literalism' that would bar review of all claims technically 'arising from' those three actions." *Id.* (citing *Jennings v. Rodriguez*, 583 U.S. 281, 293–95 (2018)). Because Mr. Joseph's petition involves a legal question regarding whether he is subject to detention, his claim does not fall into the three narrow categories listed in Section 1252(g).

Third, the Federal Respondents argue that "[u]nder § 1252(b)(9), 'judicial review of all questions of law . . . including interpretation and application of statutory provisions . . . arising from any action taken . . . to remove an alien from the United States' is only proper before the appropriate court of appeals in the form of a petition for review of a final removal order." Doc. 6 at 4 (citing 8 U.S.C. § 1252(b)(9)). However, "[c]ontrary to Respondents' assertions, this 'zipper clause' is not interpreted broadly so as to 'cut off claims that have a tangential relationship with pending removal proceedings.' 'A claim only arises from a removal proceeding when the parties in fact are challenging removal proceedings.'" *Tirera*, No. 26-cv-45 MLG/SCY, Order Granting in Part Petition, Doc. 10 (citing *Mukantagara v. U.S. Dep't of Homeland Sec.*, 67 F.4th 1113, 1116 (10th Cir. 2023)). Indeed, the Supreme Court held that § 1252(b)(9) did not bar its review of "questions of law" regarding whether "certain statutory provisions require detention without a bond hearing." *Jennings*, 583 U.S. at 292. Mr. Joseph is not challenging review of an order of removal and so Section 1252(b)(9) is not applicable.

Lastly, the Federal Respondents argue that Mr. Joseph's claim regarding revocation of parole should be construed "as a claim of abuse of discretion under the Administrative Procedures Act." Doc. 6 at 14. They then argue that the Court lacks jurisdiction to review an

agency action that is committed to the agency's discretion, and that DHS's decision to revoke

parole is committed to its discretionary decision. *Id.* at 14-15 (citing 8 U.S.C.

§ 1252(a)(2)(B)(ii)). Mr. Joseph, however, is not challenging an agency's exercise of discretion

to revoke his parole. Instead, he is arguing that an agency violated a non-discretionary statutory

requirement—i.e., that DHS failed to provide the statutorily mandated notice needed to revoke

his parole and detain him. *See, e.g.*, *Ghamousi-Ramandi v. Janecka*, No. 5:26-CV-00885-SRM-

JDE, 2026 WL 1107385, at *3 (C.D. Cal. Apr. 20, 2026) ("[Petitioner's] claims are

constitutional in nature and do not challenge actions that fall within the discretion of the

Attorney General or the Secretary of Homeland Security.").

For these reasons, I recommend rejecting the Federal Respondents' arguments regarding

a lack of jurisdiction.

## 2. Exhaustion

The Federal Respondents also argue that the Court should dismiss the petition because

Mr. Joseph failed to exhaust his administrative remedies. Doc. 6 at 16. As explained by Judge

Fouratt,

> The INA mandates exhaustion as to final orders of removal, but it contains no
> exhaustion provision regarding challenges to preliminary custody or bond
> determinations. *Gonzalez v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004).
> Although § 2241 does not expressly require a petitioner to exhaust direct appeals
> before filing a petition for habeas corpus, as a prudential matter, habeas
> petitioners must exhaust available administrative remedies before seeking habeas
> relief under § 2241. *Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010);
> *Castro-Cortez v. I.N.S.*, 239 F.3d 1037, 1047 (9th Cir. 2001), *overruled on other*
> *grounds by Fernandez-Vargas v. Gonzales*, 548 U.S. 30 (2006). Where
> exhaustion is not statutorily required, "sound judicial discretion governs."
> *Gonzalez*, 355 F.3d at 1016 (quoting *McCarthy v. Madigan*, 503 U.S. 140, 144
> (1992)). "A narrow exception to the exhaustion requirement applies if a petitioner
> can demonstrate that exhaustion is futile." *Garza*, 596 F.3d at 1203.

*Franciso v. Dedos*, No. 1:25-CV-1229 MIS-GJF, 2026 WL 145456, at \*7 (D.N.M. Jan. 20, 2026). Here, given DHS's March 25, 2025 notice regarding termination of parole for Haitians, I recommend finding that exhaustion would be futile. *See* Termination of Parole Processes for Cubans, Haitians, Nicaraguans, and Venezuelans, 90 FR 13611-01, 2025 WL 894696 (Mar. 25, 2025).

### 3. Parole and Detention

The Federal Respondents spend the majority of their motion to dismiss arguing that Mr. Joseph is properly detained because his is applicant for admission as defined in 8 U.S.C. § 1225(a)(1). They, however, fail to address whether he is also "seeking admission" and therefore subject to mandatory detention under Section 1225(b)(2)(A). The Court need not resolve this issue because, Mr. Joseph, as an applicant for admission, has been paroled into the United States and his parole has not been properly terminated. *See* 8 U.S.C. § 1182(d)(5)(A) ("The Secretary of Homeland Security may . . . parole into the United States temporarily under such conditions as he may prescribe only on a case-by-case basis for urgent humanitarian reasons or significant public benefit any alien applying for admission to the United States . . . .").

Mr. Joseph includes with his petition an I-94 form, showing an "Admit Until Date" of October 29, 2026. Doc. 1-1 at 6. In their motion, the Federal Respondents produce an I-94 form showing an "Admit Until Date" of April 24, 2026. Doc. 6-4. The Federal Respondents fail to explain this discrepancy and fail to offer any explanation as to the changed date. Mr. Joseph asserts that he never received any notice of parole termination. And the Federal Respondents offer no evidence that Mr. Joseph was notified about a parole change.

*Alcide v. De Anda-Ybarra* presents facts very similar to the present case: the petitioner was a citizen of Haiti who entered the United States in 2024 through the CBP One Program, was

paroled into the United States, and was given an I-94 form with authorized parole until

September 18, 2026. No. 1:26-CV-00249-KWR-GBW, 2026 WL 622663, at *1 (D.N.M. Mar. 5,

2026). Following the parole program termination on March 25, 2025, the respondents sent a

form email "to many parolees," stating their parole would terminate, but the petitioner did not

recall receiving such an email and the respondents provided no evidence that the email was sent

to the petitioner. *Id.* The petitioner was then arrested and detained by ICE in January 2026. *Id.*

The court held that the petitioner's parole was not properly terminated, and he was

therefore wrongfully detained, when there was no evidence in the record that he received written

notice of parole termination. *Id.* at *3. Specifically, the court explained that,

> Applicants for admission may be released on parole on a "case-by-case basis for
> urgent humanitarian reasons or significant public benefit." 8 U.S.C.
> § 1182(d)(5)(A). The noncitizen must be returned to the custody he was in "when
> the purposes of such parole shall, in the opinion of the Secretary of Homeland
> Security, have been served." *Id.* Parole automatically terminates when the parole
> period expires or when the noncitizen departs the United States. 8 C.F.R.
> § 212.5(e)(1) (2026). If parole does not automatically terminate, then if the
> purpose for the parole is accomplished or a designated official determines that
> "neither humanitarian reasons nor public benefit warrants the continued presence
> of the alien in the United States, parole shall be terminated upon written notice to
> the alien." *Id.* § 212.5(e)(2)(i). If a specific "charging document" is served on the
> noncitizen, the charging document may constitute sufficient notice to terminate
> parole. *Id.*
> . . .
> 8 C.F.R. § 212.5(e)(2)(i) provides that "[w]hen a charging document is served on
> the alien, the charging document will constitute written notice of termination of
> parole, unless otherwise specified." A "charging document" is defined as a
> "written instrument which initiates a proceeding before an Immigration Judge." 8
> C.F.R. § 244.1 (2026). As applied to Petitioner, these documents include "a
> Notice to Appear, a Notice of Referral to Immigration Judge, and a Notice of
> Intention to Rescind and Request for Hearing by Alien." *Id.*

*Id.* at *3-*4.

Here, Mr. Joseph's parole period (October 29, 2026) has not expired and he has not departed the United States. 8 C.F.R. § 212.5(e)(1). Thus, to terminate his parole, Mr. Joseph is entitled to written notice under 8 C.F.R. § 212.5(e)(2)(i). However, as in *Alcide*, there is no evidence in the record that Mr. Joseph received written notice of termination. While Mr. Joseph did receive a Notice to Appear at the same time as his I-94 parole, Docs. 6-2 & 1-1 at 6 (both issued October 20, 2024), "service of a charging document terminating parole while simultaneously granting parole through a Form I-94 would render the notice requirement a nullity." *Alcide*, 2026 WL 622663, at *4; *see also Andreu v. Baltazar*, No. 26-CV-1271-WJM, 2026 WL 1045187, at *3 (D. Colo. Apr. 17, 2026) ("[T]he Government argues it simultaneously granted and terminated Andreu's parole by serving her with a NTA alongside a Form I-94. That is a patently absurd proposition."). Further, the Notice to Appear sets a hearing date of December 31, 2025, Doc. 6-2, but the Federal Respondents now assert, with no explanation, that Mr. Jospeh's parole terminated on April 24, 2026, Doc. 6-4. Indeed, even accepting the Federal Respondents' argument that Mr. Joseph's parole terminated on April 24, 2026, he was arrested on June 21, 2025, before that termination date.

Because Mr. Joseph's parole does not expire until October 29, 2026 and because he has not receive proper written notice of a parole termination, I recommend finding that he is still subject to parole. Because he is currently being detained despite his parole, and for the same reasons discussed in *Alcide*, I recommend the Court find his procedural due process rights have been violated. 2026 WL 622663, at *5-*6 (finding the regulations afforded the petitioner a liberty interest in receiving written notice that explains the basis for his parole's termination as laid out in the regulation and that he was not afforded the adequate process); *see also Andreu*, 2026 WL 1045187, at *4 ("The detention of a noncitizen who has a valid grant of humanitarian

parole violates the INA and its implementing regulations. Moreover, Respondents' failure to provide written notice in accordance with § 212.5(e)(2) is a violation of [the petitioner's] procedural due process rights.") (internal quotation marks and citation omitted). I also recommend that the appropriate remedy is immediate release. *See Alcide*, 2026 WL 622663, at *7 ("Having found that Petitioner's parole has not be terminated, Petitioner is unlawfully detained without the possibility of a bond or parole hearing. Since Petitioner is unlawfully detained until his parole is terminated in accordance with 8 C.F.R. § 212.5(e)(2)(i), the appropriate remedy, if not the only remedy, is immediate release."). I therefore recommend granting the petition for writ of habeas corpus and denying the motion to dismiss.

### 4. Attorney's Fees

In his petition, Mr. Joseph seeks an award of "attorney's fees and costs under the Equal Access to Justice Act." Doc. 1 at 7. The Tenth Circuit has recently made clear that the Equal Access to Justice Act ("EAJA") "unambiguously authorize[s] fees in habeas actions challenging immigration detention." *Daley v. Ceja*, 158 F.4th 1152 (10th Cir. 2025). EAJA provides that

> a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

Consistent with this provision, if the Court adopts the present recommendation to grant Mr. Joseph's habeas petition, I further recommend that should Mr. Joseph wish to pursue costs and fees, he be instructed to file an EAJA application following the appropriate procedure.

## RECOMMENDATION

For these reasons I recommend that the Court:

- Deny Respondents' Motion to Dismiss Petition for Writ of Habeas Corpus (Doc. 6);

- Grant the Petition for Writ of Habeas Corpus (Doc. 1);

- Order that, within 24 hours of the entry of an order adopting these recommendations, that Petitioner Nickelson Joseph be released under the same conditions of release that were previously in place prior to his detention;

- Order Respondents to file a status report within 5 days of the entry of an order adopting these recommendations to confirm the release; and

- Order that Respondents shall not arrest and detain Mr. Joseph again prior to properly terminating his parole with adequate written notice in accordance with 8 C.F.R. § 212.5(e).

_____
Steven C. Yarbrough
United States Magistrate Judge

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

10